# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 30, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL L. CHAPMAN,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0162**  (BOR Appeal No. 2046175)
(Claim No. 2008029217)

**HOBET MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael L. Chapman, by Anne Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Hobet Mining, LLC, by Bradley Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 18, 2012, in which the Board reversed a July 20, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed in part and affirmed in part the claims administrator's December 29, 2010, decision denying authorization for an EMG of the bilateral upper extremities and a C4-5 anterior cervical discectomy with fixation/fusion. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Chapman was injured on January 11, 2008, while pulling himself onto a bulldozer. The claim was held compensable and he underwent surgery to repair a torn right rotator cuff. Following the rotator cuff repair, Mr. Chapman complained of neck pain. A July 22, 2008, cervical spine MRI revealed a moderate disc bulge at C4-5. However, an April 19, 2010, cervical spine MRI revealed a central disc herniation at C4-5. On November 11, 2010, Dr. Thaxton

1

performed a records review and found that the requested medical treatment should be denied. On April 18, 2011, Dr. Mukkamala found that the claims administrator's December 29, 2010, denial of the requested medical treatment was proper. He stated that it is clear that the C4-5 disc herniation was not caused by the compensable injury because Mr. Chapman did not complain of neck pain immediately following the injury. He also referenced the results of the cervical spine MRIs. Mr. Chapman asserts that the requested cervical spine surgery constitutes reasonable and necessary medical treatment for the compensable injury. Mr. Chapman has not appealed the denial of his request for a bilateral EMG of the upper extremities.

Mr. Chapman's treating physicians have indicated that he sustained a neck injury on January 11, 2008. In its Order reversing the claims administrator's decision and granting authorization for the requested C4-5 anterior cervical discectomy fixation/fusion, the Office of Judges pointed to a February 23, 2010, Office of Judges' Order which authorized a repeat cervical spine MRI following continued complaints of neck pain. The Office of Judges then found that there is no evidence of record indicating that the progression of Mr. Chapman's cervical spine condition, which is evidenced in the cervical spine MRIs, was the result of an independent intervening cause and held that the requested cervical spine surgery constitutes reasonable medical treatment secondary to the January 11, 2008, injury. In its Order reversing the July 20, 2011, Order of the Office of Judges and reinstating the December 29, 2010, claims administrator's decision, the Board of Review held that the requested medical treatment is not medically necessary and reasonably required for the treatment of the compensable injury. We find that the Board of Review's conclusion that the requested C4-5 anterior cervical discectomy fixation/fusion does not constitute reasonable and necessary medical treatment for the compensable injury is not supported by the evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to reinstate the July 20, 2011, Order of the Office of Judges which granted authorization for a C4-5 anterior cervical discectomy fixation/fusion.

Reversed and remanded.

**ISSUED:  October 30, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II